**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**ROCK HILL DIVISION**

| | |
|---|---|
| ERNESTINE FAUST,               )<br>                                                 )<br>            Plaintiff,           )<br>                                                 )<br>v.                                           )<br>                                                 )<br>WAFFLE HOUSE,                 )<br>                                                 )<br>            Defendant.       )<br>_____) | Civil Action No. 0:11-204-CMC-JRM<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff, Ernestine Faust ("Faust"), filed this case on January 26, 2011. She alleges that she was previously employed by Waffle House, Inc. ("Waffle House"), and that she suffered discrimination based on her race (African-American) and her age.

Waffle House filed a motion to dismiss on March 15, 2011. Because Faust is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on March 15, 2011 advising her of her responsibility to respond to the motion to dismiss. Faust filed a response on April 14, 2011.

The record shows that Faust filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") in July of 2008 alleging racial discrimination and retaliation. The EEOC issued Faust a "Right to Sue" letter dated October 25, 2010, which notified her that if she wished to sue Waffle House, her "lawsuit must be filed Within 90 Days" of her "receipt of this notice." (emphasis in original).

Waffle House asserts that Faust did not timely file her action, and it is, therefore, subject to dismissal. The 90 day time period referenced in the right to sue notice is based on 42 U.S.C. § 2000e-5(f)(1). The statute provides that the lawsuit must be filed within 90 days of receipt of the

right to sue notice by Plaintiff. However, this time limit is not jurisdictional and is subject to the doctrine of equitable tolling. Kramer v. Board of Education of Baltimore County, __F.Supp.2d __, 2011 WL 856365, *4 (D.Md.). Waffle House argues that the complaint was not timely because it was filed 93 days after the date of the notice of right to sue. However, Faust has filed an affidavit which states that she received the right to sue notice on October 29, 2010, four days after it was dated. The affidavit establishes date of receipt by Faust. Using that date, her complaint was timely filed on January 26, 2011. It is, therefore, recommended that Waffle House's motion to dismiss be **denied.**



_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

October 4, 2011

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).